# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOYCE R. GONZALEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11–CV-0376-CVE-FHM |
| ) | |
| **SAINT FRANCIS HEALTH SYSTEM, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Saint Francis Health System's Motion to Dismiss and Brief in Support (Dkt. ## 9, 11-1).[1] Defendant Saint Francis Health System (Saint Francis) asks the Court to dismiss the second and fifth claims of plaintiff's petition alleging discrimination based on religion because defendant states it is exempt from a claim of religious discrimination under federal and state law and because plaintiff has failed to state a claim under federal law. In her response, plaintiff asks the Court to deny defendant's motion or in the alternative to convert the motion to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d).

### I.

Plaintiff began her employment with defendant in 1988. Dkt. # 2-1 at 2. Plaintiff alleges that, during the latter part of her employment, she was repeatedly subject to unequal terms and conditions of employment at the hands of two of her supervisors. Id. Specifically, plaintiff alleges that she was not allowed to make or receive personal telephone calls, was not allowed to alter her

---

[1] Defendant initially submitted its motion to dismiss at Dkt. # 9. Subsequently, defendant submitted an amended brief withdrawing one section of its motion. The amended motion and brief, Dkt. #11-1, is currently before the Court.

break schedule, and was not allowed to leave her department without permission. Id. Additionally, plaintiff alleges that her supervisors created a religiously hostile work environment that interfered with plaintiff's job performance. Plaintiff states that she was expected to attend morning prayer sessions, and when she chose not to attend those prayer sessions due to her "different religious preferences and beliefs," her supervisors retaliated against her. Id. Plaintiff was terminated from her employment by defendant on July 2, 2010. Id. at 3.

Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging claims of hostile work environment and discrimination based on national origin and religion. Id. Plaintiff states that she received a right-to-sue letter from the EEOC on February 23, 2011. Id. Plaintiff filed her petition in state court on May 24, 2011 alleging discrimination based on: age (first claim for relief) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII); discrimination based on religion under Title VII (second claim for relief); retaliation in violation of Title VII (third claim for relief); hostile work environment under Title VII (fourth claim for relief); discrimination based on religion under Oklahoma state law (fifth claim for relief); discrimination based on age under Oklahoma state law (sixth claim for relief); and intentional infliction of emotional distress (seventh claim for relief). Dkt. 2-1. Defendant removed this action on June 15, 2011. Dkt. # 2.

**II.**

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint

2

must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir.2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir.2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154–55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109–10 (10th Cir.1991).

## III.

Defendant has filed a partial motion to dismiss under Rule 12(b)(6) asking the Court to dismiss plaintiff's second and fifth claims for relief because (1) defendant is exempt from liability for religious discrimination under both Title VII and Oklahoma state law; and (2) plaintiff has failed to adequately state a claim for religious discrimination under Title VII.[2] Plaintiff filed a response to the motion. Dkt. # 12. Plaintiff's response asks the Court to deny defendant's motion or, in the

---

[2]  Defendant's motion initially sought dismissal of plaintiff's fifth claim for relief based on plaintiff's alleged inability to state a claim of violation of Oklahoma public policy. Dkt. # 9 at 7-9. This argument has since been withdrawn by defendant, see Dkt. # 11, and will not be addressed.

3

alternative, to convert the motion to a motion for summary judgment and allow plaintiff time for discovery. In support of this request, plaintiff attaches an affidavit of counsel stating that discovery is necessary to determine the outcome of the motion. Dkt. # 12-1.

**A.**

Title VII of the 1964 Civil Rights Act states that it shall be an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). However, section 702 of Title VII exempts religious organizations from Title VII's prohibition against discrimination in employment on the basis of religion: "This subchapter shall not apply . . . to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities." 42 U.S.C. § 2000e-1(a); see also Corp. Of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos, 483 U.S. 327, 329 (1987).

Title VII itself does not define what constitutes a religious organization. In determining whether an entity qualifies for the section 702 exemption, courts have typically considered a variety of factors in order to assess whether the "general picture of an organization is primarily religious." Spencer v. World Vision, Inc., 633 F.3d 723, 729 (9th Cir. 2011) (per curiam) (O'Scannlain, J., concurring) (internal quotations omitted); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 231 (3rd Cir. 2007) (holding that religious exemption applied after considering nine-factor test and determining that organization's "primary purpose was religious"); Hall v. Baptist

4

Mem'l Health Care Corp., 215 F.3d 618, 624-25 (6th Cir. 2000) (holding that religious exemption applied after considering various factors to determine purpose and "atmosphere" of organization).

In Spencer, the Ninth Circuit held that an organization should be exempt from Title VII's prohibition against religious discrimination if: "it is organized for a religious purpose, is engaged primarily in carrying out that religious purpose, holds itself out to the public as an entity for carrying out that religious purpose, and does not engage primarily or substantially in the exchange of goods or services for money beyond nominal amounts." 633 F.3d at 724. In LeBoon, the factors considered by the Court were:

> (1) whether the entity operates for a profit, (2) whether it produces a secular product, (3) whether the entity's articles of incorporation or other pertinent documents state a religious purpose, (4) whether it is owned, affiliated with or financially supported by a formally religious entity such as a church or synagogue, (5) whether a formally religious entity participates in the management, for instance by having representatives on the board of trustees, (6) whether the entity holds itself out to the public as secular or sectarian, (7) whether the entity regularly includes prayer or other forms of worship in its activities, (8) whether it includes religious instruction in its curriculum, to the extent it is an educational institution, and (9) whether its membership is made up by coreligionists.

503 F.3d at 226. Regardless of which factors a particular court examines, there is agreement that "each case must turn on its own facts. All significant religious and secular characteristics must be weighed to determine whether the corporation's purpose and character are primarily religious." EEOC v. Townley Eng'g & Mfg. Co., 859 F.2d 610, 618 (9th Cir. 1988). See also Hall, 215 F.3d at 624 ("the court must look at all the facts to decide whether [an entity] is a religious corporation . . ."). Thus, "not all factors will be relevant in all cases, and the weight given each factor may vary from case to case." LeBoon, 503 F.3d at 227. The Court must "consider and weigh the religious

5

and secular characteristics of the institution" in each case to determine whether the exemption applies. Hall, 215 F.3d at 624.

Defendant also argues that it is exempt from liability for religious discrimination under the Oklahoma Anti-Discrimination Act (OADA), Okla. Stat. tit. 25, § 1101 et seq. Oklahoma law provides that: "It is a discriminatory practice for an employer: (1) To fail or refuse to hire, to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of race, color, religion, sex, national origin, age, or handicap . . ." Okla. Stat. tit. 25, § 1302.[3] Oklahoma law also exempts religious organizations from liability for religious discrimination: "This chapter does not apply to a religious corporation, association, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by the corporation, association, or society of its religious activities." Okla. Stat. tit. 25, § 1307.

There are no federal or state cases interpreting or applying the Oklahoma exemption for religious organizations. However, the OADA states that "[t]he general purposes of this act are to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964 . . ." Okla. Stat. tit. 25, § 1101. As such, the Court will analyze the application of the religious exemption under state law as it would under Title VII.

In support of its contention that it is a religious organization within the meaning of the federal and state statutes, defendant relies on the fact that it is a non-profit entity with a "clearly defined religious purpose." Dkt. # 11-1 at 4. Defendant proffers evidence of this religious purpose

---

[3] The Court notes that the text of the statute cited by defendant differs than the one cited here. Defendant appears to have cited the amended statute, which does not take effect until November 1, 2011. See 2011 Okla. Sess. Law Serv. Ch. 270 (S.B. 837).

by citing to its mission statement and "philosophy of care," which are public documents available on the Internet. Id. at 4-5. As noted by plaintiff in its response to defendant's motion, the mission statement and philosophy of care are neither attached to nor referenced in the petition, and thus are not appropriate for consideration on a motion to dismiss. See Global Client Solutions, LLC v. Fluid Trade, Inc., No. 10-CV-123-CVE-TLW, 2010 WL 2690373, at *3 (N.D. Okla. July 1, 2010) (declining to consider letters and e-mails on a motion to dismiss where they were not referenced in the complaint). If the Court were to rely on these documents, it would necessitate converting the motion to dismiss to a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(b).

Given the fact-intensive inquiry required for determining whether the religious exemption applies, the Court finds that it does not have enough information at this time to adequately evaluate the relevant factors. However, the Court notes that the current discovery deadline in this case is December 15, 2011 and dispositive motions are due by January 19, 2012. See Dkt. # 14. Thus, if the Court were to convert this motion to a motion for summary judgment and consider matters outside the pleadings, it would likely result in duplicative summary judgment motions. In the interest of judicial economy, the Court will not consider matters outside the pleadings on this motion and declines to convert it to a motion for summary judgment. As such, the Court finds that the issue of whether defendant is entitled to the religious exemption cannot be determined at this stage of the case, but must be made after the record has been more fully developed. See Goforth v. Del. Cnty. Bd. Of Cnty. Comm'rs, No. 09-CV-203-CVE-TLW, 2009 WL 2588861, at *3 (N.D. Okla. Aug. 18, 2009) (denying motion to dismiss involving "fact issues that cannot be resolved on a motion to dismiss"). Defendant is free to raise this issue again in any forthcoming summary judgment motion.

**B.**

Defendant also argues that the second claim for relief should be dismissed because plaintiff has "failed to provide any evidence whatsoever in support of her allegations" and has failed "to provide allegations of fact to state a claim to relief that is plausible on its face." Dkt. #11-1 at 5.

In order to adequately plead discrimination under Title VII, plaintiff "need not make out a *prima facie* case of discrimination in his or her complaint." Ginsburg v. Concordia Univ., No. 10-CV-3064, 2010 WL 3720186, at *2 (D. Neb. Sept. 14, 2010); see also Vincent v. City of Tulsa, No. 07-CV-266-TCK-PJC, 2008 WL 410079, at *1 (N.D. Okla. Feb. 12, 2008); Juarez-Vasquez v. Donley, No. 10-CV-1123-D, 2011 WL 2909377, at *2 (W.D. Okla. July 18, 2011); Ali v. Dist. of Columbia Gov't, 697 F. Supp. 2d 88, 92 (D.D.C. 2010). Instead, allegations of discrimination under Title VII must only "give respondent fair notice of what petitioner's claims are and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). This pleading standard for employment discrimination cases remains valid even after the Supreme Court's more recent decisions in Twombly and Iqbal, and must be applied in conjunction therewith. See Juarez-Vasquez, 2011 WL 2909377, at *2 (noting that the Swierkiewicz pleading requirement "is unaffected by recent decisions regarding Rule 12(b)(6)"). "Accordingly, while a complaint need not contain specific facts establishing a prima facie case of employment discrimination to overcome a Rule 12(b)(6) motion, the claim must be facially plausible, and must give fair notice to the defendants of the basis for the claim." Fowler v. Scores Holding Co., 677 F. Supp. 2d 673, 679 (S.D.N.Y. 2009).

Although the petition alleges only minimal facts regarding the alleged religious discrimination, upon careful examination the Court finds these allegations sufficient to support plaintiff's claim. The petition states that plaintiff was not allowed to make or receive personal

telephone calls, was not allowed to alter her break periods and was not allowed to leave her department without permission. Plaintiff further states that she was treated differently from other employees and states the names of the two individuals who allegedly mistreated plaintiff. Plaintiff alleges that this treatment was due in part to her refusal to attend morning prayer sessions due to her different religious preferences. Plaintiff was then discharged after over twenty years of employment. These allegations, when taken as true, are sufficient to state a plausible claim that plaintiff was treated differently than other employees based on her religious preferences. Thus, the Court finds plaintiff's petition to be facially plausible and sufficient to provide fair notice to defendant of plaintiff's claim.

**IT IS THEREFORE ORDERED** that Defendant Saint Francis Health System's Motion to Dismiss and Brief in Support (Dkt. ## 9, 11) is **denied**.

**DATED** this 14th day of September, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT